JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

Appellation Pre-Fab, LLC

**(b)** County of Residence of First Listed Plaintiff    Lycoming County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles J. Phillips, Esquire and Thad M. Gelsinger, Esquire
Leisawitz Heller, 2755 Century Boulevard, Wyomissing, PA 19610
610-372-3500

### DEFENDANTS

Sheehan Pipeline Construction Company

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Defendant's breach of contract related to the fabrication of materials by Plaintiff

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

---

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APPELLATION PRE-FAB, LLC,<br>Plaintiff<br><br>v.<br><br>SHEEHAN PIPELINE CONSTRUCTION COMPANY<br>Defendant | :<br>:<br>: NO.<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

## COMPLAINT

### Jurisdiction and Venue

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332, diversity of citizenship, because of the citizenship of the parties is diverse and the amount in controversy, including pendant claims, is in excess of $75,000.00.

2. The Defendant, Sheehan Pipeline Construction Company ("Defendant"), is subject to the personal jurisdiction of the Commonwealth of Pennsylvania because it conducts substantial business therein.

3. Notably, Defendant conducts business in the Commonwealth of Pennsylvania on various construction projects including, but not limited to, the Trump Line conversion project (the "Project") on which the goods and materials purchased from Plaintiff, Appellation Pre-Fab, LLC ("Plaintiff") were utilized.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as the events giving rise to this cause of action occurred in Lackawanna County, in the Middle District of Pennsylvania, and

5. The amount in controversy is in excess of $150,000.00.

## Parties

6. Plaintiff is a Pennsylvania limited liability company having a place of business located at 740 Fairfield Road, Montoursville, Lycoming County, Pennsylvania 17754.

7. Defendant is a foreign partnership organized and existing under the laws of the State of Oklahoma with offices located at 2431 East 61st Street, Suite 700, Tulsa, Oklahoma 74136-1234.

8. Plaintiff's claim consists, among other things, of allegations of breach of contract, unjust enrichment and quantum meruit for the costs of labor and materials, including but not limited to, the fabrication of six (6) thirty inch (30") test heads and the procurement of materials to fabricate the same (the "Labor and Materials") for the Project.

## Count I - Breach of Contract

9. Paragraphs 1 through 8 are incorporated by reference as though more fully set forth herein.

10. Plaintiff furnished the Labor and Materials to Defendant pursuant to a written Proposal which was accepted by Defendant on September 15, 2015 (the "Agreement"). A true and correct copy of the Agreement is attached hereto, incorporated herein and marked as Exhibit "A".

11. Defendant agreed and accepted the Labor and Materials provided by Plaintiff, in accordance with the Agreement, without complaint.

12. Defendant owes Plaintiff an outstanding principal amount of Two Hundred Seven Thousand Ninety-Six Dollars and 00/100 Cents ($207,096.00) (the "Amount Due").

13. Demand for payment of the Amount due has been made by the Plaintiff to the Defendant on several occasions.

{00931478 }

14. In addition, Plaintiff's counsel has demanded payment and communicated said demand to the Defendant's counsel.

15. All payments made by Defendant to Plaintiff have been credited to Defendant's account.

16. The prices charged for the Labor and Materials are fair and reasonable prices, are the market price for the Labor and Materials provided, and furthermore represent the prices for the Labor and Materials Defendant agreed to pay Plaintiff.

17. Despite repeated requests and demand therefor, Defendant has failed and refused and continues to fail and refuse to pay the Amount Due and owing to Plaintiff.

18. As a direct and proximate result of Defendant's breach, Plaintiff sustained the aforesaid damages and was required to refer this matter to counsel for collection.

WHEREFORE, Plaintiff demands judgment against Defendant for the total principal amount of Two Hundred Seven Thousand Ninety-Six Dollars and 00/100 Cents ($207,096.00) along with costs of suit and court costs to be determined at trial, plus post-judgment interest at the legal rate of six percent (6%), and any and all relief this Court deems necessary and just.

## Count II – Unjust Enrichment (In the Alternative)

19. Plaintiff incorporates herein by reference Paragraphs 1 through 18 as though more fully set forth herein.

20. The Labor and Materials provided to Defendant by Plaintiff as referred to in Exhibit "A" were requested by Defendant who received and accepted the benefits of same.

21. At all times material hereto, Defendant was aware that Plaintiff was providing the various Labor and Materials to Defendant and that Plaintiff expected to be paid for the various Labor and Materials.

22. At all times material hereto, Defendant, with the aforesaid knowledge, permitted Plaintiff to provide Labor and Materials, and to incur damages.

23. At all times material hereto, Defendant was unjustly enriched by retaining the benefit of receiving the Labor and Materials without paying Plaintiff the fair and reasonable compensation therefor.

24. Defendant represented that it would compensate Plaintiff for providing the Labor and materials but has failed and refused to do so.

25. By reason of the aforesaid circumstances, Defendant is obligated to pay Plaintiff the value of the Labor and Materials in the amount of Two Hundred Seven Thousand Ninety-Six Dollars and 00/100 Cents ($207,096.00).

WHEREFORE, Plaintiff demands judgment Defendant for the principal amount of Two Hundred Seven Thousand Ninety-Six dollars and 00/100 Cents ($207.096.00), as a result of the Labor and Materials provided to Defendant plus costs of suit to be determined at the time of trial, along with post-judgment interest at the statutory rate of six percent (6%), and any and all relief this Court deems necessary and just.

### Count III – Quantum Meruit (In the Alternative)

26. Plaintiff incorporates herein by reference Paragraphs 1 through 25 as though more fully set forth herein.

27. At Defendant's request, Plaintiff provided the Labor and Materials to Defendant.

28. The quantum meruit value of this Labor and Materials provided is Two Hundred Seven Thousand Ninety-Six Dollars and 00/100 Cents ($207,096.00).

29. The Labor and Materials provided by Plaintiff was accepted and utilized by Defendant under such circumstances that Defendant knew that Plaintiff in providing the Labor

and Materials, expected to be paid by Defendant as Defendant profited from such Labor and Materials.

30. Although requested, Defendant has refused and continues to refuse to pay the outstanding balance of Two Hundred Seven Thousand Ninety-Six Dollars and 00/100 Cents ($207,096.00), as a result of the Labor and Materials provided to Defendant, and this amount is owed to Plaintiff as the quantum meruit value of the Labor and Materials.

31. Defendant's failure to pay the aforesaid sum that is due and owing has caused Defendant to unjustly benefit from the Labor and Materials provided by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for the principal amount of Two Hundred Seven Thousand Ninety-Six Dollars and 00/100 Cents ($207,096.00), as a result of the various Labor and Materials provided to Defendant, plus court costs to be determined at the time of trial, along with post-judgment interest at the legal rate of six percent (6%).

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C.**

DATED: 3/24/16

By: _____
Charles J. Phillips, Esquire
Attorney I.D. No. 39260
Thad M. Gelsinger, Esquire
Attorney I.D. No. 208233
2755 Century Boulevard
Wyomissing, PA 19610
(610) 372-3500
*Attorneys for Plaintiff*

{00931478 }